IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>JEREMY B. BRADFORD, MOLLY MARGARITIS, TIMOTHY MUDD, BRIANNA MARKEL, KEVIN BILLINGS, CITY OF STAUNTON, ILLINOIS, MADISON COUNTY SHERIFF'S DEPARTMENT, and ILLINOIS STATE POLICE,<br><br>**Defendants.** | Case No. 3:20-CV-00938-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a Motion to Dismiss (Doc. 19) by Defendants Timothy Mudd, Brianna Markel, and the Madison County Sheriff's Department (together, "Movants"). For the reasons set forth below, the Court grants the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Stephanie Herrington filed her initial complaint on September 18, 2020 (Doc. 1). The complaint consists of 27 counts alleging a variety of constitutional violations and state law claims arising out of the forceful apprehension of Jason Strahan by law enforcement and Jason Strahan's subsequent death. Herrington, the administrator of Strahan's estate, brought these claims against several law enforcement officers involved in the apprehension of Strahan in 2020, as well as against the law enforcement agencies

and municipalities that employed those officers.

Movants here are two law enforcement officers who were employed at the time of the apprehension by the Madison County Sheriff's Department, as well as the Department itself. They argue that certain counts of this action should be dismissed as (1) Counts IX and XII fail to allege official capacity claims against Mudd and Markel, (2) Counts VII, VIII, X, and XI are barred by the Illinois Tort Immunity Act, (3) Counts VII, VIII, X, and XI are barred as a wrongful death claim cannot survive without an underlying wrongful act, and (4) the Madison County Sheriff's Department should be dismissed as a wrongful party as it has no legal existence separate from Madison County itself.

Herrington timely responded on February 8, 2021, contesting all these points (Doc. 20).

## LEGAL STANDARD

Defendants bring their motions pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. 570. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible

inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

### I. Counts IX and XII

Counts IX and XII are excessive force claims brought against Mudd and Markel, respectively, under 42 U.S.C. § 1983. Movants argue that these claims are brought against Mudd and Markel in their official capacity only and as such should be dismissed. Herrington counters that she has properly pled official capacity claims.

In *Monroe v. Pape*, 365 U.S. 167 (1961), the Supreme Court interpreted 42 U.S.C. § 1983 to permit suits against state officers for violations of federal constitutional rights, even when state officers acted "under color of state law[.]" The Supreme Court has subsequently recognized a number of distinctions between types of suits filed under Section 1983, however. Of particular relevance here is the distinction between suits against state agents in their "individual" and "official" capacities. In *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), the court elaborated upon this distinction, noting that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the [governmental] entity[.]" To succeed in such a suit, a plaintiff must show that "the entity itself is a 'moving force' behind the deprivation," and "the entity's 'policy or custom' must have played a part in the violation." *Id.* (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). For an individual-capacity suit, on the other hand, a plaintiff need only show that "the official, acting under color of state law, caused the deprivation of a federal right." *Id.* (citing *Monroe, supra* at 167).

Here, Herrington concedes in her response that the counts in question are asserted against Mudd and Markel in their official capacities, yet she has not alleged that a governmental entity was the moving force behind the alleged violations or specified a policy or custom at issue here. Accordingly, these counts must be dismissed, though the Court grants Herrington leave to amend her complaint to either properly bring these claims in official capacity or change them to individual-capacity claims.

## II.     Counts VII, VIII, X, and XI under the Tort Immunity Act

In these counts, Herrington brings claims against Mudd and Markel under the Illinois Wrongful Death Act and Illinois Probate Act. Movants argue that these counts should be dismissed as liability is barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 Ill. Comp. Stat. 10/2-202.

The Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." *Id.* Here, as Herrington notes, her complaint asserts that Mudd and Markel committed the alleged wrongful acts willfully and wantonly. Furthermore, she does not merely facially assert willful and wanton conduct—the factual allegations contained in ¶10-29 of the complaint contain a detailed description of Mudd's alleged acts that is more than sufficient to support an assertion of willful and wanton conduct at this stage. Factual allegations related to Markel, however, appear to be limited merely to a mention that "Deputy Markel also went to the hospital" (Doc. 1 at 6, ¶ 28). This is simply insufficient to plausibly state a claim. Accordingly, the Motion to

Dismiss is denied as to the counts against Mudd but granted as to the counts against Markel. Counts X and XI are dismissed without prejudice, and the Court grants Herrington leave to amend the complaint to add further factual allegations sufficient to support amended claims against Markel.

### III.    Counts VII, VIII, X and XI and Underlying Wrongful Acts

Movants next contend that these counts under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/1, and Illinois Probate Act, 755 Ill. Comp. Stat. 5/27-6, should be dismissed due to a lack of liability for the underlying injury. Indeed, the Illinois Wrongful Death Act only permits liability where "the death of a person shall be caused by wrongful act … and the act … would, if death had not ensued, have entitled the party injured to maintain an action[.]" 740 Ill. Comp. Stat. 180/1. Similarly, the discussion of actions surviving a death in the probate act is predicated on underlying liability for an injury had the person survived. 755 Ill. Comp. Stat. 5/27-6.

Here, Herrington's claims under the Illinois Wrongful Death Act and Probate Act are predicated on underlying claims for excessive use of force. As the Court has already determined that Herrington has not adequately pled official capacity claims and that the factual allegations in the complaint are insufficient to overcome Markel's immunity under the Tort Immunity Act, these claims must be dismissed. But again, dismissal is without prejudice, and the Court grants Herrington leave to add amended wrongful death and survival claims to her complaint if she can properly assert underlying liability.

### IV.     Madison County Sheriff's Department

Lastly, Movants argue that the Madison County Sheriff's Department is not a proper party as it lacks a legal existence independent from the government of Madison County, Illinois.

Indeed, departments within a governing body have no legal existence separate from the governing body and cannot be sued. *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). In Illinois, certain federal courts in unpublished decisions have previously concluded that sheriffs' departments are instrumentalities of county government and do not have legal existence separate from the relevant county. *E.g.*, *Jackson v. Cook County Sheriff Police Dep't*, 2004 U.S. Dist. LEXIS 23312 at *5 (N.D. Ill. Nov. 16, 2004). The Seventh Circuit has stated that "the [DuPage County] Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity[,]" yet this appears to refer to sheriff as an individual elected officer, not to the administrative Sheriff's Department. Accordingly, it appears that it would be more appropriate to name either the Sheriff of Madison County or Madison County itself. At this juncture, the Court finds it best to dismiss the Madison County Sheriff's Department without prejudice, granting Herrington leave to amend the complaint to name one of these appropriate defendants.

#### Conclusion

For the reasons set forth above, the Motion to Dismiss (Doc. 19) is **GRANTED**, Counts VII, VIII, IX, X, XI, and XII are dismissed without prejudice, and the Madison County Sheriff's Department is dismissed as a defendant without prejudice. The Court

grants Herrington leave to file an amended complaint within **30 days** to rectify the issues identified with these elements of the initial complaint.

    **IT IS SO ORDERED.**

    **DATED:**   March 30, 2021

                                            _____
                                            **NANCY J. ROSENSTENGEL**
                                            **Chief U.S. District Judge**