| | |
|---|---|
| STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> Police Officer JEREMY B. BRADFORD, in his official capacity for the City of Staunton, Illinois, <br><br> Police Officer MOLLY MARGARITIS, in her official capacity for the City of Benld, Illinois, <br><br> Deputy Sheriffs TIMOTHY MUDD and BRIANNA MARKEL, in their respective official capacities for the Madison County, Illinois Sheriff's Department, <br><br> Illinois State Police Trooper KEVIN BILLINGS, in his official capacity for the State of Illinois, <br><br> CITY OF STAUNTON, ILLINOIS, a municipal corporation, <br><br> Sheriff JOHN D. LAKIN, in his official capacity as Sheriff of Madison County, Illinois, <br><br> and, <br><br> ILLINOIS STATE POLICE, an agency of the State of Illinois, <br><br> Defendants. | No. 3:20-cv-000938-NJR |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (Doc. #50) (MOLLY MARGARITIS)

COMES NOW Plaintiff, STEPHANIE HERRINGTON ("Plaintiff"), as Independent Administrator of the Estate of JASON STRAHAN, Deceased, by and through her undersigned

counsel, and for her Opposition to Defendant's Motion to Dismiss (Doc. #50), hereby states the following:

## I. INTRODUCTION

On or about April 29, 2021, Plaintiff filed her First Amended Complaint ("Complaint") against various Defendants. In her Complaint, Plaintiff set forth the following relevant counts against Defendant Molly Margaritis: Count IV (willful and wanton conduct – wrongful death), Count V (willful and wanton conduct – survival action), and Count VI (violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. 1983 and 1988 – excessive force).

## II. STANDARD OF REVIEW

Defendant's Motion to Dismiss concerns Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

Rule 12(b)(6) provides for a motion to dismiss based on the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss brough pursuant to Rule 12(b)(6), a district court must treat all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). Taking the factual allegations as true, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff must plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019).

A federal plaintiff need not plead specific facts, as the statement need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v.*

*Pardus*, 551 U.S. 89, 93, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007), quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). The so-called plausibility standard of *Twombly* and *Iqbal* has nothing to do with the odds of a plaintiff proving alleged facts, but depends on whether the allegations, if true, plausibly constitute a cause of action. See *Iqbal*, 556 U.S. at 678.

### III.  ARGUMENT

**A. Service of Process on Defendant Margaritis.**

Defendant Margaritis contends that the Court *must* dismiss with prejudice Plaintiff's state law claims against Defendant Margaritis due to failure to serve Defendant Margaritis within ninety days of the date the complaint is filed, pursuant to Federal Rule of Civil Procedure 4. See Doc. 51, p. 2; Fed. R. Civ. Pro. 4(m).

> "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. Pro. 4(m).

Defendant Margaritis misstates and/or misleads the Court in her statement of the rule. If a defendant is not served within ninety days after the complaint is filed the court "must dismiss the action without prejudice against that defendant *or order that service be made within a specified time.*" Fed. R. Civ. Pro. 4(m).

The plain language of the Rule addresses only those situations where a defendant has not been served and the 90-day period has passed. The plain language of the Rule does not address a situation where the defendant has been served, though out of time the prescribed 90-day period.

Case law has established that "[a]t a minimum, 'good cause' means excusable neglect." *Oyama v.* Sheehan, 253 F.3d 507, 512 (9th Cir. 2001), citing *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991). The Ninth Circuit held that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: (a) a party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* The Fourth Circuit held that for the purposes of Rule 4(m) " 'good cause' requires some showing of diligence on the part of the plaintiffs. Put conversely, good cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Attkisson v. Holder,* 925 F.3d 606, 627 (4th Cir. 2019); see also *Lapone-Dempsey v. Carroll County Commissioners,* 476 F.3d 1277, 1281 (11th Cir. 2007) (good cause exists only when some outside fact, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service). If plaintiff does not show good cause for the failure to timely serve the defendant, the district court has discretion to grant an extension to serve the defendant. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996)). If a plaintiff fails to show good cause, the district court "*must still consider* whether a permissive

extension of time is warranted." (emphasis added). *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). The running of the statute of limitations does not *require* that a district court extend the time for service of process. (emphasis added). *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). "[T]he fact that the suit cannot be resolved on the merits is a factor that must be given close attention." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996).

Plaintiff's state law claims against Defendant Margaritis are subject to a one-year statute of limitations period. 745 ILCS 10/8-101. Plaintiff's causes of action arose from events that occurred on or about September 16, 2019. The statute of limitations would prevent Plaintiff from refiling her Complaint and seeking service pursuant to Rule 4.

Plaintiff initially filed her Complaint with claims against Defendant Margaritis as an officer for the City of Staunton. Plaintiff had difficulty identifying who Defendant Margaritis worked for, as she had switched departments. Plaintiff believed Defendant Margaritis had moved to work for the city of Benld but was an officer for Staunton during the events complained of. However, Plaintiff discovered much later that Defendant Margaritis was actually an officer for the city of Benld and is currently an officer for the city of Mount Olive. Under the Ninth Circuit's factors, Plaintiff has shown good cause of the out-of-time service because Defendant Margaritis has been given actual notice of the lawsuit, Defendant Margaritis suffers no prejudice as a result of the out-of-time service, and Plaintiff would suffer significant prejudice if her claims are dismissed, as the statute of limitations has run. See *Oyama v. Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Given the complex facts of this multi-department incident, Plaintiff requests this Court to accept the out-of-time service on Defendant Margaritis for Plaintiff's good cause, accept the out-of-time service on

Defendants Illinois State Police and Billings, and grant Plaintiff additional time to seek service on Defendant City of Benld.

**B. Defendant Argues Service on Molly Margaritis is Not Service on Benld (official capacity claims).**

Plaintiff concedes that service on Defendant Margaritis is not service on Defendant City of Benld. Plaintiff requests this Court grant her the opportunity to serve Defendant City of Benld pursuant to Rule 4(m). Fed. R. Civ. Pro. 4(m).

**C. Substantive Argument.**

Defendant contends that Plaintiff pled a negligence standard rather than the purported willful and wanton conduct standard. Plaintiff pled that Margaritis owed "a duty of ordinary care of a reasonably careful law enforcement officer."

Defendant further contends that even if the allegations of Plaintiff's complaint are true, they do not give rise to a claim for willful and wanton misconduct. Defendant cites *Floyd v. Rockford Park District,* 355 Ill. App. 3d 695, 701, 823 N.E.3d 1004 (2nd Dist. 2005) to state "inadvertence, incompetence, or unskillfulness does not constitute willful and wanton conduct." Doc. 51, p. 5. However, Plaintiff has not once claimed or alleged that the alleged conduct of Defendant Margaritis was the result of inadvertence, incompetence, or unskillfulness. Nor is Plaintiff required to plead in such detail the nature of Defendant's alleged willful and wanton conduct.

Defendant claims Plaintiff merely "makes a vague allegation that Officer Margaritis engaged in 'wrongful conduct.'" Doc. 51, p. 5. However, Plaintiff alleged multiple actions by Defendant Margaritis, including holding decedent Jason Strahan down and refusing him the water

Page 6 of 10
3:20-cv-000938-NJR

he asked for, as well as generalized facts from which inferences of misconduct can be made. See Doc. 24, ¶¶ 21, 22, 24.

To sufficiently plead willful and wanton conduct, a plaintiff must allege that the defendant engaged in a course of action that showed a deliberate intention to harm or an utter indifference to or conscious disregard for the plaintiff's welfare. *Floyd v. Rockford Park Dist.*, 355 Ill. App. 3d 695, 823 N.E.2d 1004 (2nd Dist. 2005), citing 745 ILCS 10/1-210 (West 2002).

The facts alleged in Plaintiff's Complaint show, either directly or by inference, a course of action by Defendant of actual or deliberate intention to cause harm to decedent Jason Strahan or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of decedent Jason Strahan. Such allegations and inferences are sufficient to establish willful and wanton conduct by Defendant Margaritis.

One inference that can be drawn from Plaintiff's allegations is that Defendant Margaritis failed to act when Decedent Jason Strahan required medical assistance. Defendant cites to *Koltes v. St. Charles Park Dist.*, 293 Ill. App. 3d 171, 179 (2nd Dist. 1997), stating that "a defendant's failure to take act or her 'non-action' even in the face of a known danger does not constitute a 'course of action' which is required to establish willful and wanton conduct." However, Defendant's argument is a misstatement of the case law. The court in *Koltes* found that the defendant park district employee's nonaction did not rise to the level of willful and wanton conduct but did not hold that nonaction could *never* rise to the level of willful and wanton conduct. See *Koltes,* 293 Ill. App. 3d 171, 179 (2nd Dist. 1997); see also *Beyer v. City of Joliet,* 392 Ill. App. 3d 81, 910 N.E.2d 621 (3d Dist. 2009) (complaint sufficiently pled willful and wanton failure to act on the part of police). Furthermore, *Koltes* deals with park district employees and not police officers.

"Police inaction normally will not rise to the level of willful and wanton because it is an exercise of discretion on the part of the officers and as such is simple negligence." *Sneed v. Howell*, 306 Ill. App. 3d 1149, 716 N.E.2d 336, 344 (5th Dist. 1999). However, duty to render medical aid, such as in the instance described in Plaintiff's Complaint, is not discretionary. The Supreme Court of the United States held that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. . . . The affirmative duty to act arises . . . from the limitation which it has imposed on his freedom to act on his own behalf." *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 103 L.Ed.2d 249, 109 S.Ct. 998, 1005-1006 (1989). The Due Process Clause requires the responsible government or governmental agency to provide medical care to persons who have been injured while being apprehended by the police. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983).

Thus, where the police have an affirmative duty to act to render medical aid to those in police custody, Defendant Margaritis's failure to render that aid to decedent Jason Strahan rises to the level of willful and wanton conduct.

WHEREFORE, Plaintiff, Stephanie Herrington, Independent Administrator of the Estate of Jason Strahan, deceased, respectfully requests that this Court: deny Defendant's Motion to Dismiss (Doc. 50), accept the out-of-time service of process upon Defendant Margaritis for good cause, accept the out-of-time service of process upon Defendants Illinois State Police and Kevin Billings, grant Plaintiff extended time to obtain service on Defendant Benld, and grant Plaintiff such other and further relief as this Court deems equitable and just.

Respectfully submitted,

STEPHANIE HERRINGTON


By: /s/ Paul A. Marks
Todd W. Sivia, #6285179
Paul Marks, #6271319
Sivia Law
217 S. Main Street
Edwardsville, IL 62025
P | (618) 659-4499
F | (855) 319-7816
E | pleadings@sivialaw.com
*Attorneys for Plaintiff*


## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 30 August 2021, she served a copy of the foregoing instrument on counsel of record listed below by electronic means pursuant to Electronic Case Filing (ECF):

| | |
|---|---|
| Heidi L. Eckert<br>FORDHARRISON LLP<br>7777 Bonhomme Avenue, Suite 1710<br>St. Louis, MO 63105<br>heckert@fordharrison.com<br>*Attorney for Defendants Brianna Markel,*<br>*Timothy Mudd, and Madison County Sheriff's*<br>*Department* | Karen L. McNaught<br>Bhairav Radia<br>Michael J. Victor<br>O'HALLORAN KOSOFF GEITNER & COOK LLC<br>650 Dundee Road, Suite 475<br>Northbrook, IL 60062<br>kmcnaught@okgc.com<br>bradia@okgc.com<br>mvictor@okgc.com<br>*Attorneys for Jeremy Bradford and City of*<br>*Staunton, Illinois* |
| Shannon Fruth<br>Assistant Attorney General<br>500 South Second Street | Charles A. Pierce<br>PIERCE LAW FIRM, P.C.<br>#3 Executive Woods Court, Suite 200 |

| | |
|---|---|
| Springfield, IL 62706<br>Shannon.fruth@illinois.gov<br>*Attorney for Defendants Illinois State Police and Kevin Billings* | Belleville, IL 62226<br>cpierce@piercelawpc.com<br>*Attorney for Defendant Molly Margaritis* |

/s/ Jennifer M. Haynes