IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHANIE HERRINGTON, Independent
Administrator of the Estate of JASON
STRAHAN, Deceased,

     Plaintiff,

v.                                   No.   3:20-CV-00938-NJR

POLICE OFFICER JEREMY B.            ***Plaintiff demands trial by jury.***
BRADFORD,

POLICE OFFICER MOLLY MARGARITIS,

DEPUTY SHERIFFS TIMOTHY MUDD,

DEPUTY SHERIFF BRIANNA MARKEL,

ILLINOIS STATE POLICE TROOPER
KEVIN BILLINGS,

CITY OF STAUNTON, ILLINOIS, A
MUNICIPAL CORPORATION, and

JOHN D. LAKIN, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF MADISON
COUNTY, ILLINOIS,

     Defendants.

**<u>SECOND AMENDED COMPLAINT</u>**

COMES NOW Plaintiff, STEPHANIE HERRINGTON ("Plaintiff"), as Independent

Administrator of the Estate of JASON STRAHAN, Deceased, by and through her attorneys of

Sivia Law, and hereby states the following against the above-named Defendants:

## MATTERS COMMON TO ALL COUNTS

### VENUE

1.      Pursuant to 28 U.S.C. 1391(b), venue for this action is proper in the United States District Court for the Southern District of Illinois, in that: many of the individual defendants reside in the judicial district, and/or a substantial part of the events or omissions giving rise to the claim occurred in the judicial district.

### SUBJECT-MATTER JURISDICTION

2.      This Court has subject-matter jurisdiction over the claims herein through jurisdiction provided under 28 U.S.C. 1331.

3.      Jason Strahan was born in 1978 and was 41 years old at the time of his death in 2019.

4.      Officer Jeremy Bradford was a police officer with the Staunton, Illinois Police Department at all times relevant.

5.      Deputy Timothy Mudd was a deputy sheriff with the Madison County, Illinois Sheriff's Department at all times relevant.

6.      Officer Molly Margaritis was a police officer with the Benld, Illinois Police Department at all times relevant.

7.      Deputy Brianna Markel was a deputy sheriff with the Madison County, Illinois Sheriff's Department at all times relevant.

8.      Sheriff John D. Lakin was the Sheriff of Madison County, Illinois at all times relevant hereto.

9.      City of Staunton employed police Officer Jeremy Bradford and controlled the City of Staunton Police Department at all times relevant.

10. Defendants' agencies and/or employers are liable for the acts of Defendants, respectively.

## FACTS

11. On September 16, 2019, at about 10:57 p.m. Officer Jeremy Bradford was notified by Staunton Police Department's dispatch that the Madison County Sheriff's Department was requesting additional law enforcement after receiving a complaint that a man in a white shirt and white pants had thrown an object at a vehicle. The suspect's last known location was described as "walking towards the water tower."

12. As Officer Bradford was reportedly responding to the location, dispatch further stated that a deputy was in a foot-pursuit of the suspect, northbound on Williamson Avenue.

13. At approximately 11:03 p.m., Officer Bradford reportedly observed a light in the middle of Williamson Avenue, approximately 1/16th of a mile, north-west from the entry of Shale Lake Winery, near Williamson, Illinois. Officer Bradford reduced speed and reported seeing a man in a white shirt running from the deputy and past Officer Bradford's patrol car.

14. Officer Bradford joined Deputy Mudd in his attempt to apprehend the suspect. Officer Bradford initially drew his taser, but reported that Deputy Mudd was able to make contact with the suspect so his taser was holstered. Deputy Mudd and Officer Bradford tackled the suspect on the north side of Williamson Avenue on the grass.

15. Officer Bradford and Deputy Mudd unsuccessfully attempted to restrain the suspect, Jason Strahan, with Deputy Mudd attempting to use his collapsible baton to pry Jason Strahan's hand out from under him with Officer Bradford assisting.

16.     Officer Bradford once again drew his taser, this time deploying it and reporting that the taser probes made contact with Jason Strahan's right shoulder. Officer Bradford reported that Jason Strahan was still moving, so he "drive-stunned" Jason Strahan with his taser, then dropped the taser and continued to restrain the suspect by pulling Jason Strahan's right arm upward and behind Jason Strahan's back while using his legs to keep Jason Strahan's arm from moving as Deputy Mudd applied wrist restraints. Upon Jason Strahan being secured, Officer Bradford reported that he recognized Jason Strahan from prior contact.

17.     Officer Bradford reportedly had to return to his patrol car radio to notify dispatch that his taser was deployed and that Jason Strahan was in custody because his portable radio was inoperable.

18.     Officer Bradford asked Deputy Mudd if he wanted to request emergency medical services for Jason Strahan, and Deputy Mudd confirmed to do so. Bradford again attempted to use his portable radio, which again, failed to transmit. It is unclear if anyone contacted emergency medical services at that time.

19.     Deputy Mudd asked Officer Bradford to watch Jason Strahan so that Deputy Mudd could get his patrol vehicle located south of their location. While standing next to Strahan, Officer Bradford allegedly overheard Jason Strahan speaking to himself that aliens were trying to kill him and otherwise inaudible commentary.

20.     Officer Bradford then reportedly noticed his flashlight was missing from his belt. He stated that while walking back to his patrol car to check to see if the flashlight was on the driver's seat, Jason Strahan jumped up and tried to run away. Officer Bradford grabbed him and performed a rear-waist takedown. Jason Strahan reportedly rolled and tried to stand up, so Officer Bradford "flanked" to his left side in an attempt to take control of Jason Strahan's upper body.

21.     Officer Bradford reportedly continued to struggle with Jason Strahan as Strahan tried to stand. Officer Margaritis arrived on the scene and assisted Officer Bradford by taking control of Jason Strahan's legs. Officers Bradford and Margaritis held Jason Strahan down as other officers arrived.

22.     Still being held down by Officers Bradford and Margaritis, Jason Strahan asked for water and for the officers to get off of him because he could not breathe. His request was apparently ignored. Officer Bradford reported that Strahan did not appear to be struggling for breath because he talked, his head was turned and his nose was unobstructed. Officer Bradford reportedly told Jason Strahan to stop trying to roll around and to relax.

23.     Illinois State Police Trooper Billings arrived to assist and leg restraints were additionally applied to Jason Strahan, despite Jason Strahan's complaints that he could not breathe and needing the officers to get off of him.

24.     While reportedly waiting for emergency medical services to arrive, Officer Bradford stated that Jason Strahan was not moving and did not appear to be breathing. Officer Bradford reportedly rolled Jason Strahan over onto his back to check for a pulse. Officer Bradford could not feel a pulse and additionally noted that he was wearing thick gloves (in September).

25.     Trooper Billings next checked Jason Strahan for a pulse and observed that his pulse was weak. Emergency medical service was then reportedly requested to expedite their response.

26.     Deputy Mudd reportedly administered Narcan to Jason Strahan, then went to his patrol vehicle for an automated external defibrillator ("AED") while Officer Bradford performed sternum rubs on Jason Strahan.

27.     Jason Strahan is reported to have responded two times from the sternum rubs, making a grunting sound and moving his head slightly.

28.     Deputy Mudd reportedly placed AED pads on Jason Strahan's upper body after raising his shirt and let the AED analyze. Officer Bradford reportedly heard the AED state that a shock was not needed, so Officer Bradford and Deputy Mudd took turns performing chest compressions until emergency medical services finally arrived.

29.     Jason Strahan was transported by ambulance to Community Hospital of Staunton. Officer Bradford and Deputy Markel also went to the hospital. Jason Strahan was pronounced dead at 11:48 p.m. on September 16, 2019.

30.     Jason Strahan's autopsy report noted injuries of taser wounds to the back and blunt force injuries to the head, neck, trunk and extremities.

### COUNT I. WILLFUL AND WANTON CONDUCT – WRONGFUL DEATH
### (JEREMY B. BRADFORD)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Bradford:

31.     Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

32.     This cause of action is brought against Defendant Officer Jeremy Bradford in his personal capacity.

33.     At all times relevant, Defendant Officer Bradford owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or reckless disregard for the safety of others.

34.     At all times relevant, Defendant Officer Bradford owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

35.     At all times relevant, Defendant Officer Bradford breached his duties to Jason Strahan by engaging in wrongful conduct in his apprehension of the suspect and acted willfully and wantonly in breaching said duties.

36.     As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering; disability and disfigurement; death; and medical, funeral, and other related expenses.

37.     Section 180/1 of the Wrongful Death Act states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death

of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

38.     Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 740 ILCS 180/1 *et seq*., commonly known as the Wrongful Death Act.

39.     Jason Strahan left various survivors as his next-of-kin, including but not limited to, his minor children: J.A.S., J.P.S., and M.K.S. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

40.     All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant JEREMY BRADFORD for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT II. WILLFUL AND WANTON CONDUCT – SURVIVAL ACT
### (JEREMY B. BRADFORD)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Bradford:

41.   Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

42.   This cause of action is brought against Defendant Jeremy Bradford in his personal capacity.

43.   At all times relevant, Defendant Officer Bradford owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or reckless disregard for the safety of others.

44.   At all times relevant, Defendant Officer Bradford owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

45.   At all times relevant, Defendant Officer Bradford breached his duties to Jason Strahan by engaging in wrongful conduct in his apprehension of the suspect and acted willfully and wantonly in breaching said duties.

46.   As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering before death; disability and disfigurement; and medical, funeral, and other related expenses.

47.   Section 755 ILCS 5/27-6 of the Probate Act (regarding Survival) states, in pertinent part, as follows:

> "In addition to the actions which survive by the common law, the following also survive: ... actions to recover damages for an injury to the person … actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies[.]"

48.    Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

49.    Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

50.    All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant JEREMY BRADFORD for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT III. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 – EXCESSIVE FORCE
### (JEREMY B. BRADFORD)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Bradford:

51.    Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

52.     This cause of action is brought against Defendant Jeremy Bradford in his personal capacity.

53.     This count is brought pursuant to the United States Constitution and United States Code as stated above.

54.     At all times relevant, Defendant Officer Bradford was acting under the color of law.

55.     At all times relevant, Defendant Officer Bradford used unnecessary and excessive force on Jason Strahan, depriving him of bodily integrity, life, liberty, and due process of law.

56.     The use of force exhibited against Jason Strahan was unreasonable and excessive.

57.     Defendant Officer Bradford failed to stop the unprovoked and unjustified excessive use of force against Jason Strahan perpetrated by the other law enforcement agents present.

58.     As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

59.     Jason Strahan suffered damages as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant JEREMY BRADFORD for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, costs, and for such other and further relief as this court deem equitable and just.

### COUNT IV. WILLFUL AND WANTON CONDUCT – WRONGFUL DEATH (MOLLY MARGARITIS)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Margaritis:

60. Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

61. This cause of action is brought against Defendant Molly Margaritis in her personal capacity.

62. At all times relevant, Defendant Officer Margaritis owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

63. At all times relevant, Defendant Officer Margaritis owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

64. At all times relevant, Defendant Officer Margaritis breached her duties to Jason Strahan by engaging in wrongful conduct in her apprehension of the suspect and acted willfully and wantonly in breaching said duties.

65. As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering; disability and disfigurement; death; and medical, funeral, and other related expenses.

66. Section 180/1 of the Wrongful Death Act states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not

ensued, shall be liable to an action for damages, notwithstanding the death

of the person injured, and although the death shall have been caused under

such circumstances as amount in law to felony."

67.     Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason

Strahan, brings this action pursuant to the provisions of 740 ILCS 180/1 *et seq*., commonly

known as the Wrongful Death Act.

68.     Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S.,

J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the

minor children to the mothers of Jason Strahan's children.

69.     All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death,

including but not limited to, loss of companionship, loss of society, grief, sorrow, and

mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital

and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of

the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant MOLLY

MARGARITIS for a sum of compensatory damages for injury and loss in excess of Seventy-Five

Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem

equitable and just.

### COUNT V. WILLFUL AND WANTON CONDUCT – SURVIVAL ACT
### (MOLLY MARGARITIS)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate

of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the

following against Defendant Margaritis:

70. Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

71. This cause of action is brought against Defendant Molly Margaritis in her personal capacity.

72. At all times relevant, Defendant Officer Margaritis owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

73. At all times relevant, Defendant Officer Margaritis owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

74. At all times relevant, Defendant Officer Margaritis breached her duties to Jason Strahan by engaging in wrongful conduct in her apprehension of the suspect and acted willfully and wantonly in breaching said duties.

75. As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering before death; disability and disfigurement; and medical, funeral, and other related expenses.

76. Section 755 ILCS 5/27-6 of the Probate Act (regarding Survival) states, in pertinent part, as follows:

> "In addition to the actions which survive by the common law, the following
> also survive: ... actions to recover damages for an injury to the person ...

actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies[.]"

77. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

78. Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

79. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant MOLLY MARGARITIS for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT VI. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 – EXCESSIVE FORCE
## (MOLLY MARGARITIS)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Margaritis:

80. Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

81. This cause of action is brought against Defendant Molly Margaritis in her personal capacity.

82. This count is brought pursuant to the United States Constitution and United States Code as stated above.

83. At all times relevant, Defendant Officer Margaritis was acting under the color of law.

84. At all times relevant, Defendant Officer Margaritis used unnecessary and excessive force on Jason Strahan, depriving him of bodily integrity, life, liberty, and due process of law.

85. The use of force exhibited against Jason Strahan was unreasonable and excessive.

86. Defendant Officer Margaritis failed to stop the unprovoked and unjustified excessive use of force against Jason Strahan perpetrated by the other law enforcement agents present.

87. As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

88. Jason Strahan suffered damages as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant MOLLY MARGARITIS for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT VII. WILLFUL AND WANTON CONDUCT – WRONGFUL DEATH
## (TIMOTHY MUDD)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Mudd:

89.   Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

90.   This cause of action is brought against Defendant Timothy Mudd in his personal capacity.

91.   At all times relevant, Defendant Deputy Mudd owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

92.   At all times relevant, Defendant Deputy Mudd owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

93.   At all times relevant, Defendant Deputy Mudd breached his duties to Jason Strahan by engaging in wrongful conduct in his apprehension of the suspect and acted willfully and wantonly in breaching said duties.

94.   As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering; disability and disfigurement; death; and medical, funeral, and other related expenses.

95.   Section 180/1 of the Wrongful Death Act states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect
> or default, and the act, neglect or default is such as would, if death had not

ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

96. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 740 ILCS 180/1 *et seq*., commonly known as the Wrongful Death Act.

97. Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S, and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

98. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant TIMOTHY MUDD for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT VIII. WILLFUL AND WANTON CONDUCT – SURVIVAL ACT
## (TIMOTHY MUDD)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Mudd:

99.     Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

100.    This cause of action is brought against Defendant Timothy Mudd in his personal capacity.

101.    At all times relevant, Defendant Deputy Mudd owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

102.    At all times relevant, Defendant Deputy Mudd owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

103.    At all times relevant, Defendant Deputy Mudd breached his duties to Jason Strahan by engaging in wrongful conduct in his apprehension of the suspect and acted willfully and wantonly in breaching said duties.

104.    As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering before death; disability and disfigurement; and medical, funeral, and other related expenses.

105.    Section 755 ILCS 5/27-6 of the Probate Act (regarding Survival) states, in pertinent part, as follows:

"In addition to the actions which survive by the common law, the following also survive: ... actions to recover damages for an injury to the person … actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies[.]"

106. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

107. Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

108. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant TIMOTHY MUDD for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

**COUNT IX. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 – EXCESSIVE FORCE**
**(TIMOTHY MUDD)**

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Mudd:

109.    Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

110.    This cause of action is brought against Defendant Timothy Mudd in his personal capacity.

111.    This count is brought pursuant to the United States Constitution and United States Code as stated above.

112.    At all times relevant, Defendant Deputy Mudd was acting under the color of law.

113.    At all times relevant, Defendant Deputy Mudd used unnecessary and excessive force on Jason Strahan, depriving him of bodily integrity, life, liberty, and due process of law.

114.    The use of force exhibited against Jason Strahan was unreasonable and excessive.

115.    Defendant Deputy Mudd failed to stop the unprovoked and unjustified excessive use of force against Jason Strahan perpetrated by the other law enforcement agents present.

116.    As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

117.    Jason Strahan suffered damages as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant TIMOTHY MUDD for a sum of compensatory damages for injury and loss in excess of Seventy-Five

Thousand Dollars ($75,000.00), for punitive damages, for costs, and for such other and further relief as this court deem equitable and just.

## COUNT X. WILLFUL AND WANTON CONDUCT – WRONGFUL DEATH
## (BRIANNA MARKEL)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Markel:

118. Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

119. This cause of action is brought against Defendant Brianna Markel in her personal capacity.

120. At all times relevant, Defendant Deputy Markel owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

121. At all times relevant, Defendant Deputy Markel owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

122. At all times relevant, Defendant Deputy Markel breached her duties to Jason Strahan by engaging in wrongful conduct in her apprehension of the suspect and acted willfully and wantonly in breaching said duties.

123. Upon information and belief, Defendant Deputy Markel was present during the apprehension and restraint of Jason Strahan.

124. Upon information and belief, Defendant Deputy Markel contributed to the injuries Jason Strahan sustained and/or failed to provide medical care after Jason Strahan sustained injuries and/or exhibited distress.

125. As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering; disability and disfigurement; death; and medical, funeral, and other related expenses.

126. Section 180/1 of the Wrongful Death Act states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

127. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 740 ILCS 180/1 *et seq*., commonly known as the Wrongful Death Act.

128. Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

129. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and

mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant BRIANNA MARKEL for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XI. WILLFUL AND WANTON CONDUCT – SURVIVAL ACT
### (BRIANNA MARKEL)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Markel:

130.    Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

131.    This cause of action is brought against Defendant Brianna Markel in her personal capacity.

132.    At all times relevant, Defendant Deputy Markel owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

133.    At all times relevant, Defendant Deputy Markel owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

134. At all times relevant, Defendant Deputy Markel breached her duties to Jason Strahan by engaging in wrongful conduct in his apprehension of the suspect and acted willfully and wantonly in breaching said duties.

135. Upon information and belief, Defendant Deputy Markel was present during the apprehension and restraint of Jason Strahan.

136. Upon information and belief, Defendant Deputy Markel contributed to the injuries Jason Strahan sustained and/or failed to provide medical care after Jason Strahan sustained injuries.

137. As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering before death; disability and disfigurement; and medical, funeral, and other related expenses.

138. Section 755 ILCS 5/27-6 of the Probate Act (regarding Survival) states, in pertinent part, as follows:

> "In addition to the actions which survive by the common law, the following also survive: ... actions to recover damages for an injury to the person ... actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies[.]"

139. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

140.     Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

141.     All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant BRIANNA MARKEL for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XII. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 – EXCESSIVE FORCE
### (BRIANNA MARKEL)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Markel:

142.     Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

143.     This cause of action is brought against Defendant Brianna Markel in her personal capacity.

144.     This count is brought pursuant to the United States Constitution and United States Code as stated above.

145.     At all times relevant, Defendant Deputy Markel was acting under the color of law.

146.     At all times relevant, Defendant Deputy Markel used unnecessary and excessive force on Jason Strahan, depriving him of bodily integrity, life, liberty, and due process of law.

147.     The use of force exhibited against Jason Strahan was unreasonable and excessive.

148.     Defendant Deputy Markel failed to stop the unprovoked and unjustified excessive use of force against Jason Strahan perpetrated by the other law enforcement agents present.

149.     As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

150.     Jason Strahan suffered damages as a result of the aforementioned conduct.

    WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant BRIANNA MARKEL for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, for costs, and for such other and further relief as this court deem equitable and just.

### COUNT XIII. WILLFUL AND WANTON CONDUCT – WRONGFUL DEATH
### (KEVIN BILLINGS)

    COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Billings:

151.     Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

152.     This cause of action is brought against Defendant Kevin Billings in his personal capacity.

153.   At all times relevant, Defendant Trooper Billings owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

154.   At all times relevant, Defendant Trooper Billings owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

155.   At all times relevant, Defendant Trooper Billings breached his duties to Jason Strahan by engaging in wrongful conduct in his apprehension of the suspect and acted willfully and wantonly in breaching said duties.

156.   As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering; disability and disfigurement; death; and medical, funeral, and other related expenses.

157.   Section 180/1 of the Wrongful Death Act states as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

158. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 740 ILCS 180/1 *et seq*., commonly known as the Wrongful Death Act.

159. Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

160. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant KEVIN BILLINGS for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XIV. WILLFUL AND WANTON CONDUCT – SURVIVAL ACT
## (KEVIN BILLINGS)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Billings:

161. Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

162. This cause of action is brought against Defendant Kevin Billings in his personal capacity.

163.	At all times relevant, Defendant Trooper Billings owed Jason Strahan a duty of ordinary care of a reasonably careful law enforcement officer in the execution or enforcement of the law by refraining from a course of action which showed an utter indifference to, or conscious disregard for the safety of others.

164.	At all times relevant, Defendant Trooper Billings owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

165.	At all times relevant, Defendant Trooper Billings breached his duties to Jason Strahan by engaging in wrongful conduct in his apprehension of the suspect and acted willfully and wantonly in breaching said duties.

166.	As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering before death; disability and disfigurement; and medical, funeral, and other related expenses.

167.	Section 755 ILCS 5/27-6 of the Probate Act (regarding Survival) states, in pertinent part, as follows:

> "In addition to the actions which survive by the common law, the following also survive: ... actions to recover damages for an injury to the person … actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies[.]"

168.	Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

169.     Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

170.     All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant KEVIN BILLINGS for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XV. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 – EXCESSIVE FORCE (KEVIN BILLINGS)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Billings:

171.     Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

172.     This cause of action is brought against Defendant Kevin Billings in his personal capacity.

173.     This count is brought pursuant to the United States Constitution and United States Code as stated above.

174.   At all times relevant, Defendant Trooper Billings was acting under the color of law.

175.   At all times relevant, Defendant Trooper Billings used unnecessary and excessive force on Jason Strahan, depriving him of bodily integrity, life, liberty, and due process of law.

176.   The use of force exhibited against Jason Strahan was unreasonable and excessive.

177.   Defendant Trooper Billings failed to stop the unprovoked and unjustified excessive use of force against Jason Strahan perpetrated by the other law enforcement agents present.

178.   As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

179.   Jason Strahan suffered damages as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant KEVIN BILLINGS for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, for costs, and for such other and further relief as this court deem equitable and just.

### COUNT XVI. WILLFUL AND WANTON CONDUCT – WRONGFUL DEATH (CITY OF STAUNTON)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant City of Staunton:

180.   Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

181. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 740 180/1 *et seq.*, commonly known as the Wrongful Death Act.

182. Section 180/1 of the Wrongful Death Act states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

183. At all times relevant, Officer Jeremy Bradford was an actual and/or apparent agent for Defendant City of Staunton.

184. As a police officer, Officer Bradford had a duty, while engaged in the execution or enforcement of the law, to refrain from any course of action which showed an utter indifference to or a conscious disregard for the safety of others.

185. At all times relevant herein, Officer Bradford owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

186. Defendant City of Staunton, acting by and through its actual and/or apparent agent, Officer Bradford, acted willfully and wantonly in breaching said duties.

187.   Officer Bradford's acts and/or omissions are directly chargeable to Defendant City of Staunton.

188.   Officer Bradford's failure to act in the provision of aid, including but not limited to calling for emergency medical services, CPR or other first aid, showed an utter indifference or conscious disregard for Jason Strahan's safety.

189.   Furthermore, Officer Bradford's use of force was in excess of his authority and/or was unreasonable under the circumstances.

190.   Jason Strahan left various survivors as his next-of-kin, including, but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

191.   All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including, but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant CITY OF STAUNTON for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XVII. WILLFUL AND WANTON CONDUCT – SURVIVAL ACT
## (CITY OF STAUNTON)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant City of Staunton:

192.    Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

193.    Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

194.    Section 755 ILCS 5/27-6 of the Probate Act (regarding Survival) states, in pertinent part, as follows:

> "In addition to the actions which survive by the common law, the following also survive: ... actions to recover damages for an injury to the person … actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies[.]"

195.    At all times relevant herein, Officer Bradford was an actual and/or apparent agent for Defendant City of Staunton.

196.    Defendant City of Staunton, acting by and through its actual and/or apparent police officer agents, had a duty, while engaged in the execution or enforcement of the law, to refrain from any course of action which showed an utter indifference to or conscious disregard for the safety of others.

197. At all times relevant herein, Officer Bradford owed Jason Strahan a duty to, in the provision of emergency care to Jason Strahan, refrain from willful and wanton misconduct in providing said care.

198. Defendant City of Staunton, by and through its actual and/or apparent agent, Officer Bradford, acted willfully and wantonly in breaching said duties.

199. Officer Bradford's acts and/or omissions are directly chargeable to Defendant City of Staunton.

200. Officer Bradford's failure to act in the provision of aid, including but not limited to timely calling for emergency medical services, CPR or other first aid, showed an utter indifference or conscious disregard for Jason Strahan's safety.

201. Furthermore, Officer Bradford's use of force was in excess of his authority and/or was unreasonable under the circumstances.

202. Peace officers such as Officer Bradford have a duty to refrain from using deadly force except when reasonably necessary in defense of human life. See 720 ILCS 5/7-5(d).

203. As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering before death; disability and disfigurement; and medical, funeral, and other related expenses.

204. Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

205. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and

mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant CITY OF STAUNTON for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XVIII. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 – EXCESSIVE FORCE (CITY OF STAUNTON)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant City of Staunton:

206.    Plaintiff adopts and incorporates by reference paragraphs one (1) through thirty (30) above as if fully stated herein.

207.    This count is brought pursuant to the United States Constitution and United States Code as stated above.

208.    At all times relevant herein, Defendant City of Staunton, acting by and through its actual and/or apparent agent, Officer Bradford, was acting under color of law.

209.    At all times relevant, Defendant City of Staunton, acting by and through its actual and/or apparent agent, Officer Bradford, used unnecessary and excessive force on Jason Strahan, depriving him of bodily integrity, life, liberty, and due process of law.

210. The City of Staunton has an official policy, unwritten custom, or pattern and practice of conduct for the apprehension and restraint of persons.

211. The City of Staunton has an official policy, unwritten custom, or pattern and practice of conduct for the response to and apprehension and restraint of mentally ill persons.

212. The City of Staunton has an official policy, unwritten custom, or pattern and practice of conduct for the use of force and/or medical treatment, including medical treatment after the use of force.

213. On information and belief, at all times relevant, Defendant City of Staunton's aforementioned official policies condoned excessive force.

214. On information and belief, there exists a pattern and practice of the use of excessive force by Defendant City of Staunton's law enforcement officers.

215. On information and belief, Defendant Bradford's conduct comported with such official policy or unwritten custom, or pattern and practice of Defendant City of Staunton.

216. On information and belief, Defendant City of Staunton knew, or reasonably should have known, that the conduct by its law enforcement officers justified the implementation of a new and different use of force policy.

217. The City of Staunton's policies, customs, patterns, or practices were the moving forces behind the deprivation(s) suffered by Jason Strahan.

218. The use of force exhibited against Jason Strahan was unreasonable and excessive.

219. As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

220. Jason Strahan suffered damages as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant CITY OF STAUNTON for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XIX. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 US.C. 1983 AND 1988 – FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE, RETAIN, AND CONDUCT A FAIR AND IMPARTIAL HEARING
## (CITY OF STAUNTON)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant City of Staunton:

221.    Plaintiff restates and incorporates by reference Paragraphs 1 through 30.

222.    This count is brought pursuant to the United States Constitution and United States Code as stated above.

223.    At all times relevant, Defendant City of Staunton had a duty to provide responsible and effective operations of its police department, as well as a duty to establish proper policies, customs, and regulations within the department.

224.    At all times relevant, on information and belief, Defendant City of Staunton breached its duty by: failing to hire qualified officers; failing to train officers in detentions, seizures, arrests, use of force, use of weapons, medical emergency, and deescalation; failing to supervise officers; failing to retain qualified officers; and/or failing to conduct fair and impartial investigations.

225. On information and belief, at all times relevant, Defendant City of Staunton imposed an official policy regarding use of force that condoned excessive force.

226. On information and belief, there exists a pattern and practice of the use of excessive force by Defendant City of Staunton's law enforcement officers.

227. On information and belief, Defendant City of Staunton knew, or reasonably should have known, that the conduct by its law enforcement officers justified the implementation of a new and different use of force policy.

228. As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

229. Jason Strahan suffered damages, including but not limited to his loss of life, as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant CITY OF STAUNTON for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, for costs, and for such other and further relief as this court deem equitable and just.

### COUNT XX. WILLFUL AND WANTON CONDUCT – WRONGFUL DEATH (MADISON COUNTY SHERIFF JOHN D. LAKIN)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Sheriff John D. Lakin:

230. Plaintiff restates and incorporates by reference Paragraphs 1 through 30.

231. At all times relevant, Defendant Sheriff John D. Lakin, acting by and through his actual and/or apparent agent, Deputy Mudd and/or Deputy Markel, had a duty, while engaged in the execution or enforcement of the law, to refrain from any course of action which showed an utter indifference to, or reckless disregard for the safety of others.

232. At all times relevant, Defendant Sheriff John D. Lakin, acting by and through his actual and/or apparent agent, Deputy Mudd and/or Deputy Markel, breached his duty to Plaintiff, and acted willfully and wantonly in breaching said duty.

233. At all times relevant, Defendant Sheriff John D. Lakin's actual and/or apparent agents, Deputy Mudd and/or Deputy Markel, were acting in accordance with an official policy, unwritten custom, or pattern and practice of the Madison County Sheriff's Department, as issued and/or upheld by Defendant Sheriff John D. Lakin.

234. Defendant Deputy Mudd's and Defendant Deputy Markel's acts and/or omissions are directly chargeable to Defendant Sheriff Lakin.

235. The official policy, unwritten custom, or pattern or practice of conduct established by Defendant Sheriff John D. Lakin and the Madison County Sheriff's Department were the moving force behind the deprivation(s) suffered by Jason Strahan.

236. As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering; disability and disfigurement; death; and medical, funeral, and other related expenses.

237. Section 180/1 of the Wrongful Death Act states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover

damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

238. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 740 ILCS 180/1 *et seq*., commonly known as the Wrongful Death Act.

239. Jason Strahan left various survivors as his next-of-kin, including but not limited to J.A.S., J.P.S., and M.K.S., his minor children.

240. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant SHERIFF JOHN D. LAKIN for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XXI. WILLFUL AND WANTON CONDUCT – SURVIVAL ACT
## (MADISON COUNTY SHERIFF JOHN D. LAKIN)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Sheriff John D. Lakin:

241.    Plaintiff restates and incorporates by reference Paragraphs 1 through 30.

242.    At all times relevant, Defendant Sheriff John D. Lakin, acting by and through his actual and/or apparent agent, Deputy Mudd and/or Deputy Markel, had a duty, while engaged in the execution or enforcement of the law, to refrain from any course of action which showed an utter indifference to, or conscious disregard for the safety of others.

243.    At all times relevant, Defendant Sheriff John D. Lakin, acting by and through his actual and/or apparent agent, Deputy Mudd and/or Deputy Markel, breached his duty to Plaintiff, and acted willfully and wantonly in breaching said duty.

244.    At all times relevant, Defendant Sheriff John D. Lakin's actual and/or apparent agents, Deputy Mudd and/or Deputy Markel, were acting in accordance with an official policy, unwritten custom, or pattern and practice of the Madison County Sheriff's Department, as issued and/or upheld by Defendant Sheriff John D. Lakin.

245.    Defendant Deputy Mudd's and Defendant Deputy Markel's acts and/or omissions are directly chargeable to Defendant Sheriff Lakin.

246.    The official policy, unwritten custom, or pattern or practice of conduct established by Defendant Sheriff John D. Lakin and the Madison County Sheriff's Department were the moving force behind the deprivation(s) suffered by Jason Strahan.

247.    As a direct and proximate result of the aforementioned conduct, Jason Strahan suffered injuries of a personal and pecuniary nature, including but not limited to: pain and suffering

before death; disability and disfigurement; and medical, funeral, and other related expenses.

248. Section 755 ILCS 5/27-6 of the Probate Act (regarding Survival) states, in pertinent part, as follows:

> "In addition to the actions which survive by the common law, the following also survive: ... actions to recover damages for an injury to the person … actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies[.]"

249. Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

250. Jason Strahan left various survivors as his next-of-kin, including but not limited to, J.A.S., J.P.S., and M.K.S., his minor children. Further, Jason Strahan owed a duty to support the minor children to the mothers of Jason Strahan's children.

251. All of Jason Strahan's next-of-kin suffered injuries as a result of Jason Strahan's death, including but not limited to, loss of companionship, loss of society, grief, sorrow, and mental anguish. Further, Jason Strahan's estate was diminished by virtue of the hospital and funeral expenses that were incurred.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant SHERIFF JOHN D. LAKIN for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs, and for such other and further relief as this court deem equitable and just.

**COUNT XXII. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 –
EXCESSIVE FORCE
(MADISON COUNTY SHERIFF JOHN D. LAKIN)**

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Sheriff John D. Lakin:

252.    Plaintiff restates and incorporates by reference Paragraphs 1 through 30.

253.    This count is brought pursuant to the United States Constitution and United States Code as stated above.

254.    At all times relevant, Defendant Sheriff John D. Lakin, acting by and through his actual and/or apparent agent, Deputy Mudd and/or Deputy Markel, was acting under color of law.

255.    At all times relevant, Defendant Sheriff John D. Lakin, acting by and through his actual and/or apparent agent, Deputy Mudd and/or Deputy Markel, used unnecessary and excessive force on Jason Strahan, depriving him of bodily integrity, life, liberty, and due process of law.

256.    At all times relevant, Defendant Sheriff John D. Lakin's actual and/or apparent agents, Deputy Mudd and/or Deputy Markel, were acting in accordance with an official policy, unwritten custom, or pattern and practice of the Madison County Sheriff's Department, as issued and/or upheld by Defendant Sheriff John D. Lakin.

257.    The official policy, unwritten custom, or pattern or practice of conduct established by Defendant Sheriff John D. Lakin and the Madison County Sheriff's Department were the moving force behind the deprivation(s) suffered by Jason Strahan.

258.    On information and belief, at all times relevant, Defendant Sheriff Lakin imposed an official policy regarding use of force that condoned excessive force.

259. On information and belief, there exists a pattern and practice of the use of excessive force by Defendant Sheriff's subordinate law enforcement officers.

260. On information and belief, Defendant Sheriff knew, or reasonably should have known, that the conduct by his subordinate law enforcement officers justified the implementation of a new and different use of force policy.

261. The use of force exhibited against Jason Strahan was unreasonable and excessive.

262. As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

263. Jason Strahan suffered damages as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant SHERIFF JOHN D. LAKIN for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, for costs, and for such other and further relief as this court deem equitable and just.

## COUNT XXIII. VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AND 1988 – FAILURE OT PROPERLY HIRE, TRAIN, SUPERVISE, RETAIN, AND CONDUCT A FAIR AND IMPARTIAL HEARING
## (MADISON COUNTY SHERIFF JOHN D. LAKIN)

COMES NOW Plaintiff, Stephanie Herrington, as Independent Administrator of the Estate of Jason Strahan, Deceased, by and through her undersigned counsel, and hereby states the following against Defendant Sheriff John D. Lakin:

264. Plaintiff restates and incorporates by reference Paragraphs 1 through 30.

265.    This count is brought pursuant to the United States Constitution and United States Code as stated above.

266.    At all times relevant, Defendant Sheriff John D. Lakin, had a duty, to provide responsible and effective operations of his police department, as well as a duty to establish proper policies, customs, and regulations within the department.

267.    At all times relevant, on information and belief, Defendant Sheriff John D. Lakin, breached his duty by: failing to hire qualified officers; failing to adequately train officers in detentions, seizures, arrests, use of force, use of weapons, medical emergency, and deescalation; failing to supervise officers; failing to retain qualified officers; and/or failing to conduct fair and impartial investigations.

268.    On information and belief, at all times relevant, Defendant Sheriff Lakin imposed an official policy regarding use of force that condoned excessive force.

269.    On information and belief, there exists a pattern and practice of the use of excessive force by Defendant Sheriff's subordinate law enforcement officers.

270.    On information and belief, Defendant Sheriff knew, or reasonably should have known, that the conduct by his subordinate law enforcement officers justified the implementation of a new and different use of force policy.

271.    As a direct and proximate result of the aforementioned conduct, Jason Strahan was deprived of his right to be free from unreasonable detention, for due process of law, and the rights secured to him by the United States Constitution.

272.    Jason Strahan suffered damages, including but not limited to his loss of life, as a result of the aforementioned conduct.

WHEREFORE, Plaintiff, STEPHANIE HERRINGTON, Independent Administrator of the Estate of JASON STRAHAN, Deceased, demands judgment against Defendant SHERIFF JOHN D. LAKIN for a sum of compensatory damages for injury and loss in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, for costs, and for such other and further relief as this court deem equitable and just.

Respectfully submitted,
STEPHANIE HERRINGTON

By:

/s/Paul A. Marks
Todd W. Sivia, #6285179
Paul A. Marks, #6271319
Sivia Law
Attorney for Plaintiff
217 S. Main Street
Edwardsville, IL 62025
P | (618) 659-4499
E | pleadings@sivialaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 27 May 2022, he served a copy of the foregoing instrument on counsel of record by electronic means pursuant to Electronic Case Filing (ECF).

/s/Paul A. Marks